*In re* AMEDEE LÓPEZ MALDONADO, querellado.

*Número:* CP-92-292      *Resuelto:* 26 de junio de 1992

*Reina Colón de Rodríguez, Subprocuradora General, Iván F. Fuster, Procurador General Auxiliar*, abogados de El Pueblo; *Amedee López Maldonado, pro se.*

PER CURIAM: El 14 de mayo de 1992, la Procuradora General presentó una querella contra el abogado-notario Amedee López Maldonado. En la misma le imputó los cargos siguientes:

## CARGO NUMERO I

El Lcdo. Amedee López Maldonado, en el desempeño de su profesión como abogado notario, violó la fe pública notarial, al autorizar la escritura número 34 de 17 de noviembre de 1983 sobre *Cesión de Acciones y Derechos en Cumplimiento de Estipulación y Orden* y dar fe en dicha escritura de que se hac[í]a un traspaso de la finca número 7,706 inscrita al folio 276 del to[m]o 149 de Vega Alta, cuando en realidad el querellado conocía, y así lo admitió, que el traspaso en cuestión era un traspaso de un solar segregado y aún no inscrito y no sobre la finca número 7,706, [*supra*], descrita por el querellado en la referida escritura.

## CARGO NUMERO II

El Lcdo. Amedee López Maldonado incurrió en violación a la fe pública notarial, al dar fe en la escritura número 34 de 17 de noviembre de 1983, de que la finca número 7,706 estaba inscrita al folio 276 del tomo 149 de Vega Alta, a nombre del Sr. Juan Hernández Rodríguez y Virginia López Rodríguez. Esta información a la fecha de la autorización de la escritura referida número 34, no era cierta, según surgía de los libros del Registro de la Propiedad correspondiente. El querellado no se percató de dicha situación registral y procedió a dar fe en la

forma antes expuesta, sin antes realizar el estudio registral correspondiente que el querellado admitió le solicitó su cliente, el Sr. Carlos Otero Figueroa.

Como resultado de la referida actuación impropia, admitida por el querellado, el Sr. Carlos Otero Figueroa fue objeto de un engaño al aceptar, mediante una estipulación transaccional, una propiedad que no le pertenecía a los señores Juan Hernández Rodríguez y Virginia López Rodríguez, por no estar la misma en el dominio de estas personas a la fecha de la autorización por el querellado de la escritura número 34 de 17 de noviembre de 1983 antes mencionada. Querella, págs. 1–2.

El 3 de junio el abogado-notario contestó la querella. En la contestación aceptó que no había llevado a cabo un estudio de título antes de otorgar la Escritura Núm. 34 de 17 de noviembre de 1983 sobre *Cesión de Acciones y Derechos en Cumplimiento de Estipulación y Orden.* También expresó que no deseaba "entrar en la ventilación de esta querella mediante la celebración de vista" y que aceptaba la responsabilidad. Contestación a querella, pág. 2. Además, nos informó que había resarcido al querellante Carlos Otero Figueroa la suma de dos mil quinientos dólares ($2,500).

Acompañó con su contestación una declaración jurada del querellante Otero Figueroa en la cual éste hace un recuento de lo ocurrido y nos informa que, habiéndole el licenciado López Maldonado devuelto los dos mil quinientos dólares ($2,500) que él le había pagado en concepto de honorarios de abogado, ya no tenía interés en proseguir con la querella. Expresó el querellado, además, que tanto él como el licenciado López Maldonado desconocían al momento de otorgarse la Escritura Núm. 34 que la finca principal estaba siendo objeto de ejecución.

■ Reiteradamente hemos recalcado la importancia de llevar a cabo a la fecha del otorgamiento de una escritura una investigación de los antecedentes registrales de la propiedad. *In re Ramos Meléndez y Cabiya Ortiz,* 120 D.P.R. 796, 801–802 (1988); *Chévere v. Cátala,* 115 D.P.R.

432, 443–445 (1984); *In re Lavastida et al.*, 109 D.P.R. 45, 79 (1979); *Goenaga v. O'Neill de Milán*, 85 D.P.R. 170, 194 (1962).

▮ Un abogado-notario viola la fe notarial al no hacer un estudio de título en el Registro de la Propiedad y proceder a preparar y a autorizar una escritura —dando fe de que se hace un traspaso de una finca— cuando en realidad el traspaso es de un solar segregado y aún no inscrito, y no sobre la finca descrita en la escritura. También viola la fe notarial el dar fe en una escritura de que la finca está inscrita a nombre de una persona cuando de los libros del Registro de la Propiedad surge que esto no es cierto.

▮ El notario trasciende en su función el acto externo de la legalización de unas firmas. Para ser notario se exige no sólo ser abogado, sino también el haber aprobado un examen que lo cualifique para el ejercicio de la notaría. "La sociedad debe tener en cada notario *una garantía de certeza* y de limpieza en los actos y contratos cuya autenticación le encomienda ...". (Énfasis suplido.) *In re Meléndez Pérez*, 104 D.P.R. 770, 776 (1976).

En resumen, la conducta observada por el Lcdo. Amedee López Maldonado en la autorización de la Escritura Núm. 34 objeto de esta querella, efectivamente demuestra que éste violó la fe notarial. El licenciado López Maldonado alega como atenuantes el haber resarcido al querellante en la suma de dos mil quinientos dólares ($2,500); el hecho de que esta querella data de 1984; el haber "atendido en tiempo todas las citaciones, llamadas y gestiones del Honorable Procurador, así como la Declaración Jurada suscrita por el querellante ...". Contestación a querella, pág. 2. A base de esto nos pide que decretemos el archivo de la querella. No podemos acceder. El licenciado López Maldonado no ha actuado con la corrección y diligencia que se requiere de todo abogado- notario. Su violación a la fe no-

tarial fue crasa y requirió la intervención tanto de este Tribunal como de la Oficina de la Procuradora General.

Por las razones antes expuestas, *se dictará sentencia mediante la cual se separe al Lcdo. Amedee López Maldonado del ejercicio de la notaría por el término de seis (6) meses. Se ordena al Alguacil General de este Tribunal que se incaute de los Protocolos y registros de afidávit de dicho notario.*