*In re* ANTONIO ROSARIO MAISONET, querellado.

*Número:* AB-96-32          *Resuelto:* 9 de diciembre de 1996

---

[6] De ordinario se trata de un gasto que ha de ser tomado en cuenta al rendirse la planilla de contribución.

*Edda Serrano Blasini, Subprocuradora General,* y *Carmen Z. Martínez Ortiz, Procuradora General Auxiliar,* abogadas del querellante; *Manlio Arraiza Donate,* abogado del querellado; *Antonio Rosario Maisonet, pro se.*

PER CURIAM:

I

El Banco de Desarrollo Económico para Puerto Rico (en adelante el Banco) presentó una acción de cobro de dinero y ejecución de hipoteca contra Guillermo Álvarez Santiago y su esposa Silda M. Álvarez Class. En 1993 el Banco obtuvo una sentencia a su favor.[1] El 20 de octubre de 1993 se otorgó la escritura de Compraventa Asumiendo Hipotecas, mediante la cual los demandados —los esposos Álvarez— le vendieron la propiedad hipotecada a su yerno y a su hija, José R. Álvarez Meléndez y Petra E. Class Batista. *Dicha escritura fue autorizada por el Lcdo. Antonio Rosario Maisonet.*

El 3 de noviembre de 1994 la American Realty Investment Corp. (en adelante American) adquirió en una subasta pública el referido inmueble. El 6 de diciembre de 1994 los esposos Álvarez, *representados por el licenciado Rosario Maisonet,* presentaron una Moción Sometiendo Orden y Solicitando Paralización de los Procedimientos ante el Tribunal de Primera Instancia, Sala de Arecibo. Alegaron que estaban acogidos a la Ley de Quiebras y que se había emitido una Orden de paralización por la Corte de Quiebras, por lo que no procedía la sentencia de ejecución. American se opuso. El Tribunal de Primera Instancia señaló una vista a la que comparecieron los demandados

---

[1] No surge del expediente la fecha exacta en que recayó la sentencia de ejecución de hipoteca.

—esposos Álvarez— *representados por el licenciado Rosario Maisonet.* El tribunal (Hon. Marcos T. Calderón, Juez), luego de escuchar a las partes, declaró sin lugar la Moción de Paralización de Procedimientos.

En septiembre de 1995, American presentó su Moción Solicitando Remedios Post Venta Judicial, en la cual alegó que no pudo inscribir su escritura de venta judicial, pues el Registro de la Propiedad les notificó que la finca aparecía inscrita a nombre de José R. Álvarez Meléndez y Petra E. Class Batista y no a nombre de los esposos Álvarez. El 23 de octubre de 1995 se celebró una vista para atender la moción presentada por American. A ella compareció el licenciado Rosario Maisonet, ahora en representación de los nuevos adquirientes del inmueble, José R. Álvarez y Petra E. Class. Las partes informaron al tribunal que habían llegado a una estipulación para que American pudiera inscribir su título en el Registro de la Propiedad. El tribunal acogió dicha estipulación.

Sin embargo, el tribunal (Hon. Héctor Jaime Conty Pérez, Juez), mediante una Resolución y Orden, expresó que existe "la posibilidad de un conflicto dado a que el [licenciado Rosario Maisonet] representó a los demandados originales como abogados en este mismo pleito, y él mismo, con posterioridad, alegadamente fungió como notario en el otorgamiento de una escritura de compraventa del inmueble, objeto de la controversia del caso de epígrafe". Dicha resolución nos fue notificada.

El 12 de abril de 1996 referimos el caso al Procurador General para que nos rindiera un informe. Visto el informe del Procurador General, y habiéndose expresado al respecto el licenciado Rosario Maisonet, procedemos a atender y resolver la queja.

## II

El Canon 12 de nuestro Código de Ética Profesional, 4 L.P.R.A. Ap. IX, exige del abogado "desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones [en la] tramitación y solución [de las causas]". De otra parte, el Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, requiere que el abogado evite hasta la apariencia de una conducta profesional impropia.

En *In re Colón Ramery*, 138 D.P.R. 793, 797 (1995), nos reafirmamos en que "*[l]a práctica de la profesión de abogado es incompatible con la práctica de la notaría cuando ambas intervenciones del abogado-notario traten el mismo asunto*". (Énfasis suplido.)

Examinados estos principios, resolvemos que la conducta del licenciado Rosario Maisonet lesionó los preceptos éticos antes transcritos. Primeramente, representó a los esposos Álvarez en la Solicitud de Paralización de Procedimiento de Ejecución, sabiendo de antemano que sus clientes habían vendido dicho inmueble a José Álvarez y a su esposa. Posteriormente, comparece representando a José Álvarez y a su esposa en una vista en la que se discutía la solicitud de remedio de postventa judicial del mismo inmueble.

La conducta desplegada por el licenciado Rosario Maisonet ocasionó dilaciones y confusiones innecesarias en la tramitación de estos casos, causándole perjuicios indebidos a la demandante American. Por otro lado, incurrió en un conflicto en el desempeño de sus funciones como abogado y notario al entrar en una relación abogado-cliente con *ambos* otorgantes de una escritura de compraventa en la que actuó como notario defendiendo, en ambas instancias, intereses a todas luces conflictivos.

Ahora, según reconoce el propio Procurador General, debido a que la conducta de este abogado no ocasionó perjuicios a sus clientes, debido al vínculo familiar existente y los lazos de amistad que unían a ambas partes contratantes, y tomando en consideración que las partes llegaron a una estipulación que permitió a American inscribir su título, *nos limitaremos a censurar la conducta del licenciado Rosario Maisonet. Queda apercibido de su deber de cumplir estrictamente en el futuro con los cánones de ética profesional. Únase a su expediente personal.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri no intervino.