EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    César A. Matos Bonet | Queja<br><br>2001 TSPR 10 |

Número del Caso: AB-1999-134

Fecha: 23/enero/2001

Oficina de Inspección de Notarías:

                        Lcda. Carmen H. Carlos
                        Directora

Abogado de la Parte Querellada:

                        Por Derecho Propio

Materia: Conducta Profesional

    Este documento constituye un documento oficial del Tribunal Supremo que está
    sujeto a los cambios y correcciones del proceso de compilación y publicación
    oficial de las decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

In re:

César A. Matos Bonet

AB-1999-134

Opinión del Tribunal emitida por el Juez Asociado SEÑOR REBLLO LÓPEZ

San Juan, Puerto Rico, a 23 de enero de 2001

Los hechos que originan el presente asunto <u>no</u> están en controversia. El 11 de septiembre de 1988, Gerardo Benítez Rodríguez, Natividad Rodríguez Maymi y Ana María Benítez Rodríguez radicaron, ante la Sala Superior de San Juan del Tribunal de Primera Instancia, una demanda contra la entidad "Hermanitas de los Ancianos Desamparados", en la cual reclamaron el cumplimiento específico de un alegado acuerdo verbal de compraventa, entre la parte demandante y la demandada, respecto a tres solares propiedad de esta última parte. Solicitaron los demandantes del tribunal, además, que emitiera una orden

prohibiéndole a la parte demandada la enajenación, a terceros, de los referidos solares.

El 5 de octubre de 1988, la parte demandada contestó la demanda radicada por conducto de los Lcdos. César A. Matos Bonet y José A. Santiago Martínez. El 25 de febrero de 1998, y no habiendo tomado acción alguna el tribunal respecto a la orden de prohibición solicitada por la parte demandante, ésta solicitó nuevamente una orden de prohibición de enajenar los solares en controversia. El 15 de abril de 1999, el tribunal de instancia denegó, "en estos momentos", dicha solicitud.

Pendiente, todavía, de resolución dicho pleito, el 19 de mayo de 1999 las Hermanitas de los Ancianos Desamparados vendieron dos de los tres solares objeto de la demanda a la Sra. Nydia Esther Soto Burgos. Actuó como notario en las respectivas escrituras de compraventa, el abogado César A. Matos Bonet.

El 10 de noviembre de 1999, los demandantes en el antes mencionado caso radicaron ante este Tribunal una queja contra el Lcdo. Matos Bonet, alegando que éste había actuado indebidamente al actuar como notario en la compraventa cuando, al mismo tiempo, era abogado de la parte demandada en el caso judicial. Le concedimos término al abogado notario Matos Bonet para que expresara lo que a bien tuviera respecto a la queja contra él presentada. Así lo hizo, mediante escrito de fecha 22 de noviembre de 1999.

Posteriormente, referimos el asunto a la Directora de la Oficina de Inspección de Notarías, para evaluación e informe; ello conforme a las disposiciones de la Regla 14(d) del Reglamento de este Tribunal. La directora, Lcda. Carmen H. Carlos, rindió su informe el día 18 de septiembre de 2000, luego de lo cual le concedimos término al Lcdo. Matos Bonet para que expusiera su reacción a dicho informe. Habiendo replicado el Lcdo. Matos Bonet, y estando en condiciones de resolver el asunto planteado, procedemos a así hacerlo.

I

La Regla 5 del Reglamento Notarial de Puerto Rico[1] establece que:

"Regla 5. Función dual de abogado y notario

> La práctica de la profesión de abogado puede ser en algunas ocasiones incompatible con la práctica de la notaría.

> El notario autorizante de un documento público está impedido de actuar posteriormente como abogado de una de las partes otorgantes para exigir en un litigio contencioso las contraprestaciones a que se haya obligado cualquier otra parte en el documento otorgado ante él.

El notario está impedido de representar como abogado a un cliente en la litigación contenciosa y, a la vez, servir de notario en el mismo caso por el posible conflicto de intereses o incompatibilidades que puedan dimanar del mismo.

Las normas recogidas en los dos párrafos precedente aplicarán al notario personalmente y no a aquellos notarios y abogados que sean o hayan sido sus socios o compañeros de oficina. No obstante, los socios o compañeros de oficina del notario autorizante no podrán representar a una parte otorgante en un documento público autorizado por éste, cuando en un litigio se impugne la validez de cualquiera de los acuerdos que surgen del documento o se alegue que se omitieron acuerdos relativos al asunto objeto del mismo, o cuando por alguna otra razón se cuestione la actuación del notario autorizante.

No obstante, podrá actuar el abogado como notario en toda acción *ex parte*, de jurisdicción voluntaria, y en los recursos gubernativos a menos que su actuación esté expresamente prohibida por ley o doctrina jurisprudencial. También, podrá actuar el notario como abogado en un mismo asunto cuando el notario antes de un litigio sólo haya dado fe de la autenticidad de firmas en el litigio no estén en controversia las firmas ni el documento donde aparezcan tales firmas sea el objeto principal de la reclamación.

Queda siempre al sano juicio del notario y sus socios o compañeros de oficina, dentro de su responsabilidad profesional, decidir cuándo deben abstenerse de actuar aun en casos en que su actuación estuviere permitida, pero que por sus particulares circunstancias en la dimensión ética podrían generar un potencial de conflicto o la apariencia de conducta impropia." (Enfasis suplido.)

La Directora de la Oficina de Inspección de Notarías[2] nos señala, en su informe, que aun cuando la actuación que se le imputa, como indebida, al abogado notario Matos Bonet --esto es, otorgar como notario unas escrituras de compraventa de unas propiedades que son objeto de una acción judicial previa sobre cumplimiento específico de contrato, pleito en que

---

[1] T. 4 Ap. XXIV R.5.

él actúa como abogado de la parte demandada-- "... escapa a la prohibición específica ..." de la antes transcrita Regla 5[3], "...las circunstancias descritas caen dentro del ámbito de aplicación ..." de la antes citada disposición reglamentaria; lo anterior en vista del hecho de que "... la prohibición general contenida en el último párrafo de dicha disposición es suficiente, por sí sola, para generar, en las circunstancias fácticas particulares de este asunto, reparos en cuanto al ejercicio de la función dual ..." de abogado y notario. Le asiste la razón.

## II

La práctica de la abogacía, y de la notaría, conlleva una seria y delicada función ciudadana pues la misma representa servicio, ética y ejemplo. Ramos Acevedo v. Tribunal Superior, 133 D.P.R. 599, 613 (1993). El notario, en el ejercicio de la función pública que lleva a cabo, representa la fe pública y la ley para todas las partes. In re: Colón Muñoz, 131 D.P.R. 121 (1992).

Compartimos el criterio de la Directora de la Oficina de Inspección de Notarías a los efectos de que aun cuando la actuación del notario Matos Bonet no está específicamente prohibida por las disposiciones de la antes transcrita Regla 5, lo más prudente es que, en esta clase de situaciones, el notario se abstenga de otorgar documentos públicos sobre un bien inmueble que es objeto de un pleito en el cual él actúa como abogado.

Como certeramente señala la mencionada Directora, el notario Matos Bonet debió prever el hecho de que, de prevalecer la parte demandante en

---

[2] Lcda. Carmen H. Carlos

[3] Las prohibiciones específicas contenidas en la transcrita Regla 5 se refieren, en primer lugar, al conflicto que se crea cuando un notario, que representó a ambas partes en el otorgamiento de una escritura, actúa posteriormente como abogado de una de las partes en un caso relacionado con el otorgamiento de la escritura. In re: Colón Ramery, 133 D.P.R. 555 (1993), y, en segundo lugar, a situaciones en que un abogado, en función de notario, le toma juramento a su cliente en un caso contencioso. Negrón, et al. v. Superintendente de Elecciones, 11 D.P.R. 366 (1906); In re: Rosario Maysonet, res. 9 de diciembre de 1996, 142 D.P.R.___ (1996).

el pleito sobre cumplimiento específico de contrato, la compraventa por él otorgada como notario con toda seguridad podría tener repercusiones, graves y serias, al momento de la ejecución de la sentencia, en dicho caso, <u>respecto a terceros adquirentes a quienes él les debía, también, el deber de imparcialidad</u>.

Ello nos lleva a otro punto. Un examen de los instrumentos públicos otorgados por el notario Matos Bonet <u>no</u> refleja que éste hiciera advertencias de clase alguna a las partes respecto a la situación litigiosa existente sobre las propiedades objeto de los instrumentos por él otorgados. Somos del criterio que el notario Matos Bonet venía en la obligación, <u>cuando menos</u>, de haber hecho esas advertencias a los terceros adquirentes.

A esos efectos, expresamos en <u>In re: Delgado</u>, 120 D.P.R. 518 (1988), respecto al deber de imparcialidad del notario y su deber de <u>ilustrar y advertir</u> por igual a los otorgantes, que:

> "Su deber, ante todo, era <u>ilustrar y explicarle</u> la situación a <u>todas</u> las partes envueltas en la transacción; <u>en específico, a los compradores de la propiedad. Ello le brindaba la oportunidad a éstos de tomar la decisión que entendieran procedente estando debidamente informados</u>. Debe recordarse que el abogado en sus funciones notariales . . . no representa a cliente alguno, representa la fe pública." (Citas omitidas y énfasis suplido.)

### III

En conclusión, adoptamos hoy la norma a los efectos de que un notario debe de abstenerse de otorgar documentos públicos relativos a propiedades que sean objeto de un litigio en el cual él participa como abogado. Dicha norma, producto de una <u>interpretación</u> de la Regla 5 del Reglamento Notarial de Puerto Rico, <u>tendrá efectos prospectivos</u>. En atención a lo anteriormente expresado, y al hecho de que el historial como notario del Lcdo. César A. Matos Bonet refleja un historial limpio y libre de actuaciones anteriores contrarias a las normas éticas que rigen el ejercicio del notariado y de la abogacía, <u>declinamos ejercer nuestra función disciplinaria en el presente caso</u>. Se ordena, en consecuencia el archivo y sobreseimiento de la queja radicada contra éste, apercibiéndole de que en el futuro deberá actuar con mayor cautela y prudencia en el ejercicio del notariado.

Se dictará Sentencia de conformidad.


                         **FRANCISCO REBOLLO LOPEZ**
                              **Juez Asociado**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

**In re:**

**César A. Matos Bonet**

                                            AB-1999-134

**SENTENCIA**

**San Juan, Puerto Rico, a 23 de enero de 2001**

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia ordenando el archivo y sobreseimiento de la queja radicada contra el abogado César A. Matos Bonet, apercibiendo a éste de que en el futuro deberá actuar con mayor cautela y prudencia en el ejercicio del notariado.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García disiente por entender que procede amonestar al notario César A. Matos Bonet. El Juez Asociado señor Hernández Denton no intervino.

                                    Isabel Llompart Zeno
                                    Secretaria del Tribunal Supremo