EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Orlando Martínez Sotomayor | 2013 TSPR 101 <br><br> 189 DPR ____ |

Número del Caso: CP-2009-8

Fecha: 9 de septiembre de 2013

Comisionada Especial:

      Hon. Jeannette Ramos Buonomo

Oficina de la Procuradora General:

      Lcda. Irene Zoroeta Kodesh
      Procuradora General

      Lcda. Zaira Girón Anadón
      Sub Procuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar

Oficina de Inspección de Notarías:

      Lcda. Carmen H. Carlos
      Directora

Materia: Conducta Profesional – La suspensión será efectiva el 16 de septiembre de 2013, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Orlando Martínez Sotomayor          CP-2009-008

PER CURIAM

San Juan, Puerto Rico, a 9 de septiembre de 2013.

El Lcdo. Orlando Martínez Sotomayor fue admitido al ejercicio de la abogacía el 15 de enero de 1987 y a la práctica de la notaría el 27 de enero de 1988. El 23 de abril de 2003, el Sr. Samuel Bigio Romero y la Sra. Ada Rosario Jorge presentaron una queja en contra del licenciado Martínez Sotomayor en la que alegaron que la negligencia del letrado afectó que una escritura, cuyo otorgamiento fue autorizado por él, pudiese lograr acceso al Registro de la Propiedad. A continuación exponemos un resumen de los hechos que motivaron el proceso disciplinario que hoy atendemos.

I

El 13 de noviembre de 1992, uno de los miembros de la sucesión del Sr. Aurelio Solís León instó una demanda sobre partición de herencia. El licenciado Martínez Sotomayor representó a la parte demandada en ese pleito, desde su inicio hasta su archivo el 2 de noviembre de 2004. Según el propio querellado, desde el comienzo del pleito, reconoció que se había afectado la legítima de los herederos forzosos ya que el único bien legado mediante testamento a los dos hijos varones del señor Solís León dejó de existir al momento del fallecimiento del causante. Así las cosas, el 16 de mayo de 1999, cinco de los ocho nietos del causante comparecieron ante el licenciado Martínez Sotomayor para otorgar la Escritura Núm. 8 sobre aceptación de legado en herencia. A este otorgamiento no comparecieron todos los componentes de la sucesión de Solís León.

Posteriormente, como parte del litigio se gestionó la venta de una finca la cual era parte del caudal de la sucesión Solís León. A esos efectos, el 13 de marzo de 2000, el licenciado Martínez Sotomayor autorizó el otorgamiento de la Escritura Núm. 4 sobre Descripción de Remanente, Compraventa y Agrupación. Los aquí quejosos, el señor Bigio Romero y la señora Rosario Jorge, comparecieron como compradores. Por su parte, cinco de los ocho nietos legatarios del causante comparecieron como vendedores. En esta escritura se describió a la parte vendedora como los dueños con pleno dominio de la propiedad, adquirida como

legado en virtud del testamento que aceptaron mediante la Escritura Núm. 8 de 16 de mayo de 1999. Además, se consignó en esta escritura que la albacea había suscrito y presentado una instancia para solicitarle al Registrador de la Propiedad que anotara los derechos adquiridos por los legatarios, y que la copia simple de la instancia y de la escritura sobre aceptación de legados se uniría a la primera copia certificada.

Por otra parte, se expresó en la escritura que el comprador conocía "el estado jurídico" de la propiedad y que estaba conforme. Por último, entre las advertencias realizadas, el notario hizo constar que les informó a los comparecientes acerca de la necesidad de un estudio registral, a fin de conocer los gravámenes y otros extremos que pudieran surgir del Registro de la Propiedad con relación al inmueble objeto de la compraventa.

Luego de presentada la Escritura Núm. 4 sobre compraventa ante el Registro de la Propiedad, el Registrador le indicó verbalmente al licenciado Martínez Sotomayor que era necesario realizar una escritura de ratificación de compraventa y aceptación de legados en la que comparecieran los herederos forzosos, cuyos legados resultaron inexistentes. Uno de los coherederos se negó a firmar la escritura de ratificación, por lo que la abogada de otro coheredero y el licenciado Martínez Sotomayor solicitaron al tribunal que autorizara a un alguacil a firmar en representación. El tribunal lo autorizó. El 18 de

marzo de 2004, el licenciado Martínez Sotomayor autorizó la Escritura Núm. 6 de ratificación de compraventa y aceptación de legados. Sin embargo, según una certificación del Registrador de la Propiedad, al 3 de febrero de 2005, la propiedad todavía estaba inscrita a favor del causante y no constaba la presentación de documento alguno que afectara esta circunstancia.

Por estas actuaciones, el señor Bigio Romero y la señora Rosario Jorge presentaron una queja en contra del licenciado Martínez Sotomayor. Examinada la queja y las contestaciones, referimos copia del expediente de la queja a la Oficina de Inspección de Notarías (ODIN) para que emitiera el correspondiente informe.[1] En cumplimiento con lo ordenado, ODIN presentó un informe en el cual concluyó que la conducta del licenciado Martínez Sotomayor fue contraria a varios Cánones de Ética Profesional.

Examinado el informe de ODIN, el 4 de noviembre de 2005 ordenamos al licenciado Martínez Sotomayor presentar inmediatamente una escritura sobre ratificación de compraventa ante el Registro de la Propiedad correspondiente y que informara si daba el caso por sometido. Luego de incumplir en varias ocasiones con los términos brindados, el letrado compareció contestando la

---

[1] En esta queja presentada se incluyó también a otra licenciada, debido a que uno de los coherederos le había otorgado la facultad para comparecer a firmar la escritura de aceptación de legado. Sin embargo, el informe de la Oficina de Inspección de Notarías reflejó que esta licenciada había actuado conforme a la ley y no tenía responsabilidad de lo alegado por los quejosos.

orden y presentó un recibo que supuestamente acreditaba la presentación de los derechos hereditarios de la sucesión. ODIN compareció informando que no recibió copia de la evidencia sometida por el notario querellado y que éste tampoco acreditó la inscripción de la escritura, por lo que no podía determinar si el licenciado había cumplido con la orden de este Tribunal.

Posteriormente, luego de varios intentos de los quejosos para resolver la situación, éstos optaron por contratar a otra abogada para que realizara los trámites para inscribir la escritura otorgada ante el licenciado Martínez Sotomayor. A esos efectos, la licenciada contratada se reunió en varias ocasiones con la Registradora de la Propiedad para poner fin a los problemas que impedían la inscripción de la escritura en cuestión. Luego de varias gestiones, la licenciada contratada presentó una instancia enmendada y un acta aclaratoria ante el Registro de la Propiedad. Finalmente, el 6 de septiembre de 2008, se obtuvo la inscripción de la escritura otorgada ante el licenciado Martínez Sotomayor. Este último se comprometió a pagar los honorarios de la licenciada que los quejosos contrataron por las gestiones realizadas para lograr que la escritura tuviera acceso al Registro de la Propiedad.

Luego de darle al licenciado Martínez Sotomayor la oportunidad de expresarse, este Tribunal le ordenó a la Oficina del Procurador General que presentara una querella

contra el abogado. En cumplimiento con nuestra Resolución, el 24 de junio de 2009, la Procuradora General presentó una querella a la luz del informe de ODIN y la queja presentada por el señor Bigio Romero y la señora Rosario Jorge. En la querella presentada se le imputaron cargos al licenciado Martínez Sotomayor por las siguientes actuaciones: (1) incumplir con el deber que le impone la fe pública notarial al no ilustrar, orientar y advertir adecuadamente a los otorgantes con relación a los documentos otorgados ante él; (2) no haber sido imparcial en la transacción a ser efectuada ante sí, velando por todos los requisitos de la ley para dar validez al documento otorgado y asegurarse que tuviera acceso al Registro de la Propiedad; (3) incumplir con el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, al no desplegar la competencia y diligencia necesaria, causando demoras irrazonables, las cuales habían impedido el acceso a la escritura autorizada por él al Registro de la Propiedad; (4) violentar el Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, al no informar a las personas involucradas en la transacción de las deficiencias y circunstancias de dicho otorgamiento y el efecto de las mismas; e (5) infringir los Cánones 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, sobre sinceridad y honradez como notario y sobre la obligación de mantener el honor y la dignidad de la profesión legal, y por llevar a cabo funciones notariales en asuntos relacionados con el pleito en el cual era

abogado de una de las partes, ejerciendo de forma incompatible la profesión.

El 14 de julio de 2009, el licenciado Martínez Sotomayor contestó la querella de forma escueta. Sostuvo que había orientado a las partes y que los documentos otorgados eran eficaces en Derecho. Además, arguyó que no existían indicios de problemas para la compraventa al momento de autorizarse la Escritura Núm. 4.

Así las cosas, el 28 de agosto de 2009, nombramos a un Comisionado Especial para recibir la prueba y rendir un informe. Luego de reseñaladas varias vistas ante el Comisionado Especial por diferentes razones, y antes de que fuera presentada prueba oral, relevamos al Comisionado designado por situaciones personales que le impedían continuar con el caso. En su lugar, designamos a la Lcda. Jeannette Ramos Buonomo como Comisionada Especial para que rindiera un informe con determinaciones de hechos y recomendaciones. En aras de cumplir con esa encomienda, la Comisionada celebró varias vistas.

Conforme a los hechos estipulados y las admisiones del licenciado Martínez Sotomayor, la Comisionada Especial concluyó que el querellado violentó las disposiciones de los Cánones 18, 19 y 35 de Ética Profesional, 4 L.P.R.A. Ap. IX. En síntesis, expresó que el licenciado Martínez Sotomayor autorizó una escritura de compraventa de un bien inmueble, sabiendo que parte de su contenido no se ajustaba a la verdad. También sostuvo que el licenciado Martínez

Sotomayor autorizó dos escrituras, a sabiendas de que en Derecho las mismas serían ineficaces para lograr su propósito y luego no actuó diligentemente para resolver la situación. Además, expresó que el letrado no informó o advirtió debidamente a los compradores que otorgaron la escritura de compraventa sobre los problemas que tendrían si intentaban inscribir su título, ni mantuvo la debida comunicación con ellos en conexión a los esfuerzos de éstos por inscribir finalmente su título.

Sometido el caso ante nuestra consideración y contando con los escritos que obran en autos, incluyendo el Informe de la Comisionada Especial, pasemos a examinar las normas aplicables.

II

Como es sabido, todo notario está obligado al estricto cumplimiento de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2001 *et seq.*, y los Cánones del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El notario debe ser en extremo cuidadoso y tiene el deber de desempeñarse con esmero, diligencia y estricto celo profesional. In re Ayala Oquendo, 185 D.P.R. 572, 580 (2012); In re Martínez Almodóvar, 180 D.P.R. 805, 815 (2011).

El Art. 2 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2002, consagra el principio de la fe pública notarial. El referido artículo dispone lo siguiente:

> El notario es el profesional de Derecho que ejerce una función pública, autorizado para dar fe y autenticidad conforme a las leyes de los negocios jurídicos y demás actos y hechos

> extrajudiciales que ante él se realicen, sin perjuicio a lo dispuesto en las leyes especiales. Es su función recibir e interpretar la voluntad de las partes, dándole forma legal, redactar las escrituras y documentos notariales a tal fin y conferirle autoridad a los mismos. La fe pública al notario es plena respecto a los hechos que, en el ejercicio de su función personalmente ejecute o compruebe y también respecto a la forma, lugar, día y hora de otorgamiento. 4 L.P.R.A. sec. 2002.

El notario es responsable de la legalidad de los documentos que autoriza, tanto en el aspecto formal, como el sustantivo. In re Criado Vázquez, 155 D.P.R. 436, 453 (2001). Cuando un notario autoriza una escritura, asevera bajo la fe pública que la transacción es válida y legítima. In re Torres Alicea, 175 D.P.R. 456, 460 (2009); In re Criado Vázquez, supra. Por ello, debe asegurarse de la legalidad de toda transacción que ante él se concreta. Íd. Cuando incumple este deber, falta a la fe pública notarial de la cual es custodio. Siendo la fe pública notarial la espina dorsal de todo el esquema de autenticidad notarial, cuando un miembro de la profesión incurre en una violación a esta responsabilidad, la sanción impuesta debe ser severa. In re Criado Vázquez, supra.

Hemos expresado que la conducta de todo abogado debe ser sincera y honrada frente a todos y ante todo tipo de acto. In re Pons Fontana, 182 D.P.R. 300, 306 (2011). Un abogado infringe este deber cuando falta a la verdad, conducta que es también contraria al Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, independientemente si hubo intención o deliberación. In re Miguel A. Ojeda Martínez, 185 D.P.R. 1068 (2012).

Además, la fe pública notarial impone al notario el deber de realizar las averiguaciones mínimas que requieren las normas de la profesión legal al momento de autorizar escrituras. In re Torres Alicea, *supra*. Por ello, hemos sostenido que el notario que autoriza una escritura no puede ignorar el estado registral a la fecha del otorgamiento de la propiedad sobre la cual las partes otorgan la escritura. Íd.; In re Vera Vélez, 148 D.P.R. 1, 9 (1999). Cuando un notario da fe de hechos que no coinciden con la realidad registral, viola la fe pública notarial. In re Torres Alicea, *supra*; In re López Maldonado, 130 D.P.R. 863 (1992).

Como jurista, un notario tiene el deber de asesorar, ilustrar y dar consejo legal a todas las partes contratantes para que comprendan las consecuencias jurídicas del negocio celebrado. In re Criado Vázquez, *supra*, pág. 452. Es por ello que incurre en una violación al Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, cuando no informa las circunstancias del otorgamiento del instrumento que otorga y el efecto del mismo. Es menester recordar que cuando por falta de diligencia un notario contraviene una disposición de la Ley Notarial también viola el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. In re Ayala Oquendo, *supra*, pág. 181; In re Torres Alicea, *supra*; In re Aponte Berdecía, 161 D.P.R. 94, 106 (2004).

Su función como protector de la fe pública notarial exige que el notario sea un ente imparcial. Su deber es con la verdad y la ley. Por ello, existen ciertas situaciones en las que un abogado no debe intervenir como notario por existir incompatibilidad en el ejercicio de la profesión de la abogacía y la notaría. Una de esas circunstancias es cuando un notario representa a una de las partes comparecientes en un pleito que abarca bienes objeto del negocio jurídico. In re Avilés Cordero, 157 D.P.R. 867 (2002); In re Matos Bonet, 153 D.P.R. 296 (2001). La Regla 5 del Reglamento Notarial de Puerto Rico establece que "(e)l notario está impedido de representar como abogado a un cliente en la litigación contenciosa y, a la vez, servir de notario en el mismo caso por el posible conflicto de intereses o incompatibilidades que puedan dimanar del mismo". Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, Regla 5. En estas ocasiones, la función imparcial del letrado se compromete por ser el abogado de una de las partes envueltas en la transacción.

Al respecto, en In re Colón Ramery, 138 D.P.R. 791 (1995), este Tribunal reafirmó que un abogado está impedido de notarizar documentos de su cliente que estén relacionados con un pleito en el cual éste lo represente y que esté pendiente en los tribunales. Posteriormente, en In re Matos Bonet, supra, adoptamos de manera prospectiva la norma de que un notario debe abstenerse de otorgar documentos públicos relativos a propiedades que sean objeto

de un litigio en el cual él participa como abogado. Estas normas se basan en la protección de la fe pública de la cual el notario es custodio.

### III

Según los hechos relatados, el licenciado Martínez Sotomayor autorizó una escritura como parte de su gestión dentro de un pleito entre herederos. En sus comparecencias, el licenciado Martínez Sotomayor reconoció que sus actuaciones fueron contrarias a los Cánones de Ética Profesional, aceptó los errores cometidos y se allanó a las sanciones que deban imponerse por esta conducta.

En primer lugar, el letrado no actuó de manera sincera ni honrada al autorizar la Escritura Núm. 4 sobre compraventa y consignar hechos falsos. Hizo constar en la escritura que se había presentado una instancia para inscribir el título de los vendedores de la propiedad aun cuando el letrado tenía conocimiento de que la instancia no se había presentado. El licenciado Martínez Sotomayor conocía la realidad registral de la propiedad a ser vendida.

Además, el licenciado Martínez Sotomayor tenía conocimiento que las personas que comparecieron como vendedores no tenían derecho a transmitir el inmueble en ese momento. Sin embargo, los consignó como vendedores que comparecían como dueños en pleno dominio del inmueble en cuestión, lo cual era falso. El licenciado había representado a los nietos legatarios en el caso de

liquidación de herencia y un año antes de autorizar la escritura le había solicitado al tribunal que ordenara la preparación de una escritura de compraventa en que compareciera uno de los hijos del causante junto a los nietos, debido al gravamen que tenía sobre los inmuebles que componían el caudal del causante, uno de los cuales fue objeto luego de la escritura. Ello demuestra que el licenciado Martínez Sotomayor tenía conocimiento que los que comparecieron como vendedores en la escritura no tenían derecho a vender a persona alguna en ese momento. La escritura otorgada no era válida salvo que posteriormente fuere ratificada por terceros que no comparecieron a la misma. El licenciado sabía que la propiedad objeto de la escritura era parte de un caudal que tendría que ser segregado y redistribuido entre los herederos y legatarios del causante que era dueño de la propiedad. A la fecha de otorgamiento el titular registral lo era el señor Solís León. No obstante, conociendo este hecho, la controversia vigente entre los herederos sobre el caudal hereditario ante el Tribunal de Primera Instancia y la ausencia de tracto, procedió a autorizar la escritura en la cual expresó datos falsos. Por tanto, el licenciado Martínez Sotomayor infringió el Canon 35, *supra*, al dar fe de hechos inciertos.

Así también, el licenciado Martínez Sotomayor infringió el Canon 18, *supra*, al no actuar con diligencia en sus funciones como notario. También violentó el mencionado

canon, al autorizar la Escritura Núm. 18, sobre aceptación de legados, pues la aceptación no podía ser eficaz sin resolver el reclamo de los herederos forzosos cuyos legados resultaron inexistentes y el licenciado tenía conocimiento de ello. La falta de diligencia, demora e ineficacia de las gestiones que debía realizar el licenciado Martínez Sotomayor para corregir los problemas que ocasionaron sus propias actuaciones como notario, representan también una violación al Canon 18, *supra*.

Por otra parte, el licenciado no advirtió debidamente a los compradores que los otorgantes de la Escritura Núm. 4 todavía no tenían derecho a vender, por lo que el título no tenía acceso al Registro hasta que los hijos ratificaran la pretendida venta. Además, era deber del notario informar a los otorgantes que la escritura no tendría acceso al Registro si no era presentada previamente la documentación que establecía la capacidad de la parte vendedora para realizar la transacción. La omisión de estas advertencias representa una violación al deber de mantener informado que exige el Canon 19, *supra*. Teniendo conocimiento de las circunstancias descritas, el licenciado debió advertirlas y explicarles las condiciones en las que estaban adquiriendo la finca.

Por último, el licenciado Martínez Sotomayor ejerció indebidamente la función dual de abogado y notario, al autorizar escrituras sobre unos bienes inmuebles que eran objeto de un litigio en el cual era abogado de una de las

partes y que todavía se encontraba pendiente. El licenciado alegó que la jurisprudencia que prohíbe estas actuaciones es posterior a los hechos. Aunque en In re Matos Bonet, *supra*, se estableció una prohibición absoluta al notario autorizar documentos relativos a inmuebles que hubiesen sido objeto de litigio en el que el notario había participado como abogado, a la fecha de sus actuaciones, ya existían prohibiciones vigentes que le impedían actuar como lo hizo. No podía intervenir como notario en la autorización de documentos que estaban relacionados con un pleito pendiente en los tribunales en el cual representaba a una de las partes comparecientes. El licenciado Martínez Sotomayor representaba a la parte vendedora en un pleito que comprendía el bien a ser vendido. De esta manera, la función imparcial del letrado estaba comprometida en su haber como notario al ser el abogado de una de las partes envueltas en la transacción.

El notario incumplió su deber de ejercer su función de manera imparcial y objetiva de forma que garantizara a todos los comparecientes la eficacia y validez del negocio que llevarían a cabo. No hay duda en que el licenciado Martínez Sotomayor ejerció de forma incompatible la notaría y la abogacía.

En resumen, la conducta desplegada por el licenciado Martínez Sotomayor demuestra claramente que no actuó con la corrección y diligencia que se requiere de todo abogado-notario. El licenciado Martínez Sotomayor violentó la fe

notarial y las disposiciones de los Cánones 18, 19 y 35 del Código de Ética Profesional, *supra*.

IV

Por los fundamentos antes expuestos, se ordena la separación inmediata del Lcdo. Orlando Martínez Sotomayor del ejercicio de la abogacía y de la notaría por el periodo de seis meses. Se ordena al Alguacil General de este Tribunal que incaute los Protocolos y Registros de Testimonios de dicho notario.

El señor Martínez Sotomayor deberá notificar a sus clientes que, por motivo de la suspensión aquí ordenada, no podrá continuar con su representación legal. Ante ello, deberá devolver a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo ante el cual tenga un caso pendiente. El señor Martínez Sotomayor tiene la obligación de acreditar y certificar ante este Tribunal, en el término de 30 días, que cumplió con lo antes señalado.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Orlando Martínez Sotomayor          CP-2009-008

SENTENCIA

San Juan, Puerto Rico, a 9 de septiembre de 2013.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la separación inmediata del Lcdo. Orlando Martínez Sotomayor del ejercicio de la abogacía y de la notaría por el periodo de seis meses.

Se ordena al Alguacil General de este Tribunal que incaute los Protocolos y Registros de Testimonios de dicho notario.

El señor Martínez Sotomayor deberá notificar a sus clientes que, por motivo de la suspensión aquí ordenada, no podrá continuar con su representación legal. Ante ello, deberá devolver a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo ante el cual tenga un caso pendiente. El señor Martínez Sotomayor tiene la obligación de acreditar y certificar ante este Tribunal, en el término de 30 días, que cumplió con lo antes señalado.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo