5144                                                           1

En el Tribunal Supremo de Puerto Rico

| In Re: | |
|---|---|
| .V | Conducta Profesional |
| Roberto Madera Acosta | TSPR-98-13 |

Número del Caso: 5144

Abogados Parte Demandante: Lcda. Carmen H. Carlo
Directora Inspección de Notarías

Abogados Parte Demandada: Por derecho propio

Abogados Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 2/4/1998

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Roberto Madera Acosta


5144


PER CURIAM

San Juan, Puerto Rico, a  4 de febrero de 1998.

I.

Examinado el Informe de la Directora de la Oficina de Inspección de Notarías, Hon. Carmen H. Carlos, sobre el estado de la obra notarial del Lcdo. Roberto Madera Acosta, procede la separación indefinida del licenciado Madera Acosta de la notaría.

II.

Con motivo de la presentación de una queja contra el licenciado Madera Acosta ante este Tribunal, la Oficina de Inspección de Notarías se percató de que el último protocolo aprobado y hallado correcto fue el correspondiente al año 1982. El 4 de octubre de 1996 presentó ante este Tribunal un informe inicial y ordenó poner al día la

inspección de la obra notarial del licenciado Madera Acosta. La inspección original y las subsiguientes reinspecciones de los protocolos de los años 1982 a 1995 reflejaron serias deficiencias respecto a las formalidades de los instrumentos públicos otorgados y respecto a la obligación de cancelar los sellos de Rentas Internas, impuesto notarial y sellos de Asistencia Legal. Se encontró que el notario adeudaba en la cancelación de sellos de Asistencia Legal la cantidad de cinco mil cien dólares ($5,100), y que su registro de testimonios no satisfacía los requisitos que dispone la Ley Notarial.

Se requirió al licenciado Madera Acosta que procediera a subsanar las deficiencias indicadas. Durante el período de reinspección el licenciado Madera Acosta corrigió muchas de las faltas y deficiencias de su obra notarial. Satisfizo también lo que adeudaba en sellos. El licenciado Madera Acosta aceptó responsabilidad por las deficiencias imputadas. El informe final de la Directora de la Oficina de Inspección de Notarías recomendó la aprobación de la obra notarial del licenciado Madera Acosta y solicitó a este Honorable Tribunal que adoptara las medidas disciplinarias que estimase correspondiente.

III.

El Notario responde disciplinariamente ante este Tribunal por violaciones a la Ley Notarial y por violación a los cánones de ética profesional. El artículo 62 de la

Ley Notarial expresamente dispone que previa oportunidad al notario de ser oído, este Tribunal podrá corregirlo disciplinariamente mediante reprimenda, multa que no exceda de quinientos dólares o suspensión temporal o permanente de su cargo. 4 L.P.R.A. sec. 2102. En reiteradas ocasiones hemos reafirmado el poder inherente de este Tribunal para desaforar o tomar cualquier otra medida disciplinaria contra los miembros de la profesión que incurran en el incumplimiento de sus deberes como notarios. In re Cruz Tolinche, 114 D.P.R. 205 (1983); In re Fournier Grau, 114 D.P.R. 255 (1983).

Los notarios tienen el deber de cumplir estrictamente con lo preceptuado en la Ley Notarial. Sus obligaciones surgen de la ley que conoce y a la cual debe dar estricto cumplimiento. La tardanza en la inspección de los protocolos no es excusa para una obra notarial deficiente. In re Colón, Opinión y Sentencia, res. 30 de junio 1992, 131 D.P.R.___ (1992).

La obra notarial del licenciado Madera Acosta refleja una serie de deficiencias de naturaleza seria y de carácter continuo y repetitivo. Algunas de estas faltas son de carácter tan grave como para afectar la eficacia del documento mismo. Se destacan, entre otras, escrituras no numeradas, falta de información personal de los comparecientes, falta de notas de saca, falta de sellos y rúbrica, falta de anejos que debieron incluirse por ser

parte del documento, un otorgamiento sin testigos en caso de un otorgante que no sabe leer y escribir, protocolos sin encuadernar, y ausencia de notas de apertura y cierre en los tomos. Todo esto constituye serias violaciones a la Ley Notarial de Puerto Rico en sus artículos 15, 16, 21, 41, 50 y 52. 4 L.P.R.A. secs. 2033, 2034, 2039, 2063, 2072 y 2076.

El notario Madera Acosta dejó de adherir y cancelar los sellos de Asistencia Legal por un monto de cinco mil cien dólares ($5,100). Es deber de todo notario cancelar por cada declaración jurada o afidávit que otorgue, un sello de la Sociedad para Asistencia Legal. Ley Núm. 47 del 4 de junio de 1982, artículos 1 y 2, 4 L.P.R.A. secs. 896, 867. La obligación de adherir y cancelar los sellos al momento de autorizar documentos públicos es una de estricto cumplimiento y su omisión expone al notario a sanciones disciplinarias. Regla 72 del Reglamento Notarial; In re Platón, 113 D.P.R. 273 (1982); In re Ralat Pérez, 124 D.P.R. 745 (1989). La mejor práctica de la notaría requiere que se dé entrada inmediata en el Registro de Afidávit de todos los datos requeridos, y se adhiera y cancele el sello. Por estar interrelacionada la operación debe ser contemporánea, esto es que sea lo más próxima posible al acto de autenticación de la firma. Mójica Sandoz v. Bayamón Federal Savs., 117 D.P.R. 110 (1986).

El licenciado Madera Acosta en su comparecencia acepta

que incurrió en las deficiencias imputadas, las cuales ha subsanado. Hemos sostenido que la corrección inmediata de los defectos señalados en la obra notarial, aunque puede considerarse como atenuante, no impide la sanción disciplinaria. In re Flores Torres, 125 D.P.R. 159 (1990); In re Colón, supra. La gravedad de las deficiencias imputadas en este caso, por un largo período de tiempo es incuestionable. In re Arturo Aponte Arché, 117 D.P.R. 837 (1986).

El querellado aduce como atenuante que estaba atravesando serias dificultades económicas durante el período en cuestión. Hemos resuelto que las dificultades económicas y profesionales invocadas por un abogado notario no lo eximen de que se le impongan sanciones disciplinarias por haber incurrido en deficiencias notariales. In re Nieves Rivera, 124 D.P.R. 803 (1989), In re Saúl Duprey Maese, 125 D.P.R. 336 (1990).

Tomando en consideración la gravedad y la cantidad de las deficiencias imputadas y que éstas se extendieron por el largo período de trece años, ordenamos la suspensión indefinida del ejercicio de la notaría del licenciado Madera Acosta.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

Roberto Madera Acosta


5144


SENTENCIA


San Juan, Puerto Rico, a  4 de febrero de 1998.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se suspende indefinida-mente al Lcdo. Roberto Madera Acosta del ejercicio de la notaría.

Se ordena al Alguacil General que con carácter prioritario se incaute de la obra notarial del abogado.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo