EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Ramón Flores Castro | 2007 TSPR 77<br><br>170 DPR _____ |

Número del Caso: TS-4213


Fecha: 4 de abril de 2007


Oficina de Inspección de Notarías:

Lcda. Marla D. Ríos Díaz
Directora Interina

Abogado de la Parte Peticionaria:

Por Derecho Propio


Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día
27 de abril de 2007).




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón Flores Castro                    TS-4213

PER CURIAM

San Juan, Puerto Rico, a 4 de abril de 2007.

Ramón Flores Castro fue admitido al ejercicio de la abogacía el 26 de junio de 1973, y al de la notaría el 10 de agosto del mismo año.

El 11 de enero de 2007, la Directora Interina de la Oficina de Inspección de Notarías trajo a nuestra atención el estado de la notaría del licenciado Flores Castro. Según los informes y documentos correspondientes, los protocolos de Flores Castro para los años 1999, 2001 y 2003 fueron aprobados **con deficiencias**. En efecto, según surge de un escrito del propio notario, éste tuvo que otorgar numerosos instrumentos públicos nuevos para subsanar los múltiples errores cometidos en muchos documentos anteriores.

De la deficiente obra notarial aludida resalta particularmente una escritura sobre testamento abierto de 1999, en la cual el notario **no da fe de la capacidad legal de la testadora**. Ello, claro está, hace nulo el testamento en cuestión, según lo dispuesto en el Art. 636 del Código Civil, 31 L.P.R.A. sec. 2152, y la jurisprudencia pertinente. Véase, Deliz et als. v. Igartúa et als., 158 D.P.R. 403 (2003); y Rivera Pitre v. Galarza Martínez, 108 D.P.R. 565 (1979).

La grave falta aludida en el párrafo anterior no pudo ser subsanada mediante la autorización de un nuevo testamento debido al fallecimiento de la testadora.

También resalta otra escritura de testamento del 2003, en la cual se identificó de forma dual al testador. Tampoco pudo ser subsanada por el fallecimiento del testador.

En vista de todo lo anterior, el 2 de febrero de 2007, mediante una Resolución, le dimos un término al notario para expresarse con respecto al informe de la Oficina de Inspección de Notarías presentado ante nos el 11 de enero de 2007, referido antes. Flores Castro compareció el 23 de febrero de 2007 y, en esencia, alegó que las faltas incurridas ocurrieron de forma involuntaria e inadvertida; que la situación le ha ocasionado **"gran preocupación y malestar emocional"**; que en casi todos los casos no se le ha causado daño a ningún otorgante; y que en el caso del testamento de 1999, aunque ha sido demandado por familiares de la testadora, su compañía de seguro está atendiendo el asunto y **"se trabaja en la transacción permisible"**.

II

Reiteradamente hemos resuelto que por la esencia pública de su función, los notarios están llamados a ser sumamente cautelosos en el ejercicio de su práctica. Deben cerciorarse siempre de que los documentos públicos que autorizan cumplan con todas las formalidades de la ley. *In re* Bryan, Vargas, 150 D.P.R. 1 (2000); *In re* Vera Vélez, 148 D.P.R. 1 (1999); *In re* Rodríguez Báez, 129 D.P.R. 819 (1992).

Ya antes hemos resuelto también que corresponde suspender al notario del ejercicio de la notaría cuando su obra notarial refleja una serie de deficiencias de naturaleza seria y de carácter continúo y repetitivo, sobre todo cuando algunas de éstas son de carácter tan grave como para afectar la eficacia del documento mismo. *In re* Madera Acosta, 144 D.P.R. 743 (1998).

En el caso de autos, surge claramente de la obra notarial en cuestión una conducta profesional descuidada. Muchos de los documentos públicos de este notario han estado afectados por deficiencias. Si bien ha logrado subsanar casi todos de ellos, lo anterior no impide la imposición de una sanción disciplinaria, sobre todo cuando en el caso de las dos escrituras de testamento referidas antes la subsanación no ha sido posible. Véase, *In re* Flores Torres, 125 D.P.R. 159 (1990).

Vistas las sanciones impuestas en los casos de *In re* Madera Acosta, *supra*; e *In re* Colón Rivera, res. el 30 de junio de 2005 , 165 D.P.R. ___, 2005 TSPR 107, 2005 JTS 112,

que son pertinentes aquí, se dictará sentencia para suspender al Lcdo. Ramón Flores Castro del ejercicio de la notaría por el término de un año y hasta que otra cosa disponga este Tribunal.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón Flores Castro                    TS-4213


SENTENCIA


San Juan, Puerto Rico, a 4 de abril de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lcdo. Ramón Flores Castro del ejercicio de la notaría por el término de un año y hasta que otra cosa disponga este Tribunal.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo