EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Ferdinand Vargas Velázquez | 2014 TSPR 49 <br><br> 190 DPR ____ |

Número del Caso: CP-2012-9

Fecha: 26 de marzo de 2014

Abogado del Querellado:

> Por derecho propio

Oficina de la Procuradora General:

> Lcda. Tatiana Grajales Torruellas
> Subprocuradora General
>
> Lcda. Minnie H. Rodríguez López
> Procuradora General Auxiliar

Materia: Conducta Profesional- Censura enérgica por infracción a los Cánones 18 y 38 de Ética Profesional, y a la fe pública notarial.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ferdinand Vargas Velázquez          CP-2012-009        Conducta
                                                       Profesional

PER CURIAM

San Juan, Puerto Rico, a 26 de marzo de 2014.

Los notarios tienen el deber ineludible de respetar la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2001, *et seq.* La función notarial debe ser ejercida con sumo esmero, cuidado y celo profesional. El notario da fe y autentica actos, conforme a las leyes correspondientes. 4 LPRA sec. 2002. Faltar a estas exigencias constituye un quebrantamiento a los postulados éticos de la profesión notarial que merece una sanción.

I

El Lcdo. Ferdinand Vargas Velázquez (licenciado Vargas Velázquez) fue admitido al

ejercicio de la abogacía el 1 de noviembre de 1978 y a la notaría el 28 de diciembre de 1978.

El 26 de septiembre de 2002 el licenciado Vargas Velázquez autenticó las firmas del Sr. Lázaro Santiago Vega (señor Santiago Vega o quejoso) y la Sra. Haydee Agosto Casillas (señora Agosto Casillas o compradora) en un contrato de compraventa de un bien inmueble por $33,000, de los cuales se recibió $1,000 en efectivo al momento de la firma del documento. El contrato de compraventa estaba sujeto a que el señor Santiago Vega gestionara los documentos sucesorales necesarios para que la compradora entrara en posesión del bien inmueble con pleno dominio.[1] De no darse la condición pautada, las partes devolverían sus respectivas prestaciones y el señor Santiago Vega resarciría a la compradora cualquier mejora que ésta realizara a la propiedad.

Transcurridos nueve años desde la autenticación de las firmas del contrato de compraventa, el señor Santiago Vega presentó una queja contra el letrado. Adujo que el licenciado Vargas Velázquez no lo orientó al momento de otorgar el contrato de compraventa. Precisó que indicó al notario que había adquirido la propiedad aunque no era titular, ya que ésta pertenecía a una sucesión de la cual una de las herederas le había

---

[1]Para hacer los arreglos sucesorales, el quejoso contrató los servicios del Lcdo. Luis R. Mendoza Ramírez.

cedido su participación. Sostuvo que el licenciado Vargas Velázquez no lo asesoró correctamente y alegó que esto le produjo daños al negocio, ya que no consiguió completar la compraventa del bien inmueble y tampoco pudo arrendarlo.

Por su parte, el abogado querellado admitió que fungió como notario para reconocer las firmas del referido contrato. Expresó que examinó un documento de convenio sobre reconocimiento de derechos en torno a la sucesión a la que pertenecía la propiedad objeto del contrato y un proyecto de contrato que se había preparado por otro abogado. Así las cosas, adoptó el documento, siguiendo la esencia de la información recibida. El licenciado Vargas Velázquez señaló que posterior a ello, el quejoso suscribió un convenio en el que él no lo asesoró.

Ante tales alegaciones, ordenamos a la Oficina del Procurador General incoar la querella. Ésta fue presentada el 8 de mayo de 2012. Se imputó al licenciado Vargas Velázquez violación al Canon 18 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX, e infracción al Art. 56 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2091 y la Regla 68 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV.

Posteriormente, referimos el asunto a la atención de la Comisionada Especial, la cual rindió el respectivo informe. En éste, concluyó que el licenciado

Vargas Velázquez violó los Cánones 18 y 38 del Código de Ética Profesional, *supra*, y que no incurrió en las violaciones al Art. 56 de la Ley Notarial y a la Regla 68 del Reglamento Notarial.

La Comisionada Especial razonó que el letrado infringió el Canon 18 al no advertir y orientar a los otorgantes del contrato que éste era nulo, ya que el señor Santiago Vega no era titular ni tenía derecho alguno sobre la propiedad que pretendía vender. Asimismo, determinó que se configuró la violación al Canon 38 porque el licenciado Vargas Velázquez no cumplió con su función notarial, debido a las omisiones en orientar a los otorgantes como parte de su deber como notario. En cuanto a las violaciones al Art. 56 de la Ley Notarial y la Regla 68 del Reglamento Notarial, la Comisionada Especial concluyó que no hubo transgresión porque no se constituyó un contrato real de compraventa, debido a que el quejoso no podía transmitir derecho real alguno.

Evaluados los documentos que obran en el expediente del caso, estamos en posición de atender el asunto ante nuestra consideración.

## II

El notario está obligado a cumplir con la Ley Notarial y su Reglamento, los cánones de ética y las leyes pertinentes a los documentos que autoriza. Éste es el representante de la fe pública y de la ley, por lo

que su función es orientar y advertir imparcialmente. Regla 4 del Reglamento Notarial, 4 LPRA Ap. XXIV. En ese ministerio, le corresponde al notario cerciorarse que los negocios que se realizan ante él cumplan con la normativa legal vigente. In re Molina Fragosa, 168 DPR 567 (2005).

Ese compromiso está atado al deber ético impuesto por el Canon 18 del Código de Ética Profesional, *supra*, que requiere a los abogados defender a sus clientes diligentemente desplegando en cada caso su más profundo saber y habilidad. Para ello, los abogados deben actuar dentro de los límites de la ley. Este compromiso debe ser acatado con mayor diligencia por el notario, cuya función es la base de la fe pública notarial y es quien tiene a su encargo dar eficacia a los actos y negocios jurídicos que quieran realizar las partes. Por tanto, el oficio del notario requiere el asesoramiento adecuado sobre las normas relativas al negocio que desean realizar las partes que acuden ante él. 4 LPRA sec. 2002. El desconocimiento de las normas jurídicas y del ejercicio de su profesión vulneran la naturaleza misma del notariado en nuestra jurisdicción y constituyen una violación al Canon 18. In re Ortiz Medina, 175 DPR 43, 49 (2008).

Por su parte, el Canon 38 del Código de Ética Profesional, *supra*, impone al abogado la exaltación del honor y la dignidad de su profesión, a tal grado que

debe evitar hasta la apariencia de conducta impropia y conducirse de forma digna y honorable. Así, se le requiere que se abstenga de aconsejar y asesorar en lo absoluto en una forma que no se cumpla con la ley y respeto al poder judicial y a los organismos administrativos. Por eso, es imprescindible que el notario observe la mayor pureza y honestidad en el descargo de la fe pública notarial. Otorgar un documento notarial en contravención a la ley y al Reglamento Notarial constituye una infracción del Canon 38, *supra.* Su violación puede ser el resultado de un desempeño profesional carente de la cautela y el celo que demanda la función pública del notario. Véanse, In re Amundaray Rivera, 163 DPR 251, 257 (2004); In re Sepúlveda Girón, 155 DPR 345, 362-363 (2001).

En lo que nos atañe, el Art. 56 de la Ley Notarial de Puerto Rico, *supra*, autoriza a los notarios a dar testimonio o declaración de autenticidad de un documento que no forme parte del protocolo de instrumentos públicos. Además de dar fe sobre la fecha, en la cual se autorizó el testimonio, el notario puede autenticar las firmas que aparecen en el documento con el fin de acreditar que ésta se hizo en su presencia por los otorgantes. Ahora bien, esa función se circunscribe a algunos casos. Específicamente, el Art. 56, *supra*, establece que el notario no puede autenticar firmas de documentos sobre ciertos actos. Igual disposición está

recogida en la Regla 68 del Reglamento Notarial, *supra*. Así, se dispone que el notario está impedido de legitimar las firmas de un acto que debe constar en documento público por disposición del Art. 1232 del Código Civil, 31 LPRA sec. 3453. Entre éstos, el notario no puede autenticar la firma de "los actos y contratos que tengan por objeto la creación, **transmisión**, modificación o extinción de derechos reales sobre bienes inmuebles". (Énfasis suplido). 31 LPRA sec. 3453 (1). El fundamento consiste en que, como regla general, el notario no asume responsabilidad por el contenido de los documentos privados en los que legitime la firma, por lo que autorizar el testimonio de autenticidad en el acto de crear, transmitir, modificar o extinguir un derecho real sobre un bien inmueble, frustra la disposición del Código Civil que le requiere al notario autorizar en documento público este tipo de negocio. In re Muñoz Fernós, 184 DPR 679, 684 (2012); In re Ortiz Medina, *supra*, págs. 51-52.

### III

A base de los postulados expuestos, un notario que autoriza un testimonio de autenticidad en un contrato de compraventa incurre en violación al Canon 18, *supra*. In re Ortíz Medina, *supra*. La razón para ello es que la contravención de alguna ley por parte de un notario constituye una violación a este canon. Véase, In re García Cabrera, 188 DPR 196 (2013). Como expusimos,

tanto el Código Civil como la Ley Notarial y su Reglamento prohíben que los notarios legitimen la firma de los otorgantes en contratos como el que nos ocupa. El hecho de que el señor Santiago Vega no fuera el titular de la propiedad objeto del contrato de compraventa no justifica la corrección de la intervención del licenciado Vargas Velázquez. Como hemos establecido, las prohibiciones del Art. 56 de la Ley Notarial, *supra*, y el Art. 68 del Reglamento Notarial, *supra*, no distinguen en el hecho de si hubo o no una compraventa perfecta. Véase, In re Ortiz Medina, *supra*. La realidad es que el licenciado Vargas Velázquez legitimó la firma de los otorgantes en un contrato de compraventa de un bien inmueble, contrario a lo que dispone la ley.

Los notarios no deben relegar su deber de ser sumamente cautelosos en el ejercicio de su práctica, y deben tener presente en todo momento las consecuencias que pueden acarrear sus negligencias u omisiones en el desempeño de su deber. Así, le corresponde a un notario, al que acuden unas partes con la intención de transmitir un bien que forma parte de un caudal hereditario, orientar sobre los requisitos para lograr tal compraventa; máxime cuando aún no se ha llevado a cabo la partición correspondiente por lo que no existe aún un derecho sobre un bien específico o que se pueda enajenar o gravar alguna cuota específica, a menos que exista el

consentimiento unánime de todos los coherederos. Vega Montoya v. Registrador, 179 DPR 80, 89-90 (2010).

En el caso ante nos, el licenciado Vargas Velázquez tuvo ante sí aquellos documentos que demostraban la imposibilidad de la ejecución del contrato de compraventa que pretendían acordar las partes. Sin embargo, no instruyó a los comparecientes sobre los particulares y limitó su intervención a ajustar el lenguaje del contrato otorgado. Su omisión de no advertir y orientar sobre la necesidad de una declaratoria de herederos, de la comparecencia de los miembros de la sucesión, entre otras, constituyen una falta de competencia y una violación a los Cánones 18 y 38 del Código de Ética Profesional, *supra.*

Finalmente, al determinar la sanción disciplinaria que debe imponerse a un abogado hay que considerar su reputación en la comunidad, el historial previo de sanciones disciplinarias, la aceptación de la falta y su sincero arrepentimiento, si se trata de una conducta aislada, el ánimo de lucro que medió en su actuación, el resarcimiento al cliente y cualesquiera otras circunstancias atenuantes o agravantes que medien de acuerdo con los hechos. In re González Hernández, res. 28 de enero 2014, 2014 TSPR 11, 190 DPR ___ (2014).

En este sentido, consideramos como atenuantes que, contra el licenciado Vargas Velázquez sólo se han presentado dos quejas desde que juramentó como notario

hace más de 35 años; no hubo un ánimo de lucro en su intervención, su actuación no perjudicó a ninguna parte y la queja fue presentada casi nueve años desde que el notario autenticó las firmas. [2]

IV

Por lo expuesto, se censura enérgicamente al licenciado Vargas Velázquez por haber autenticado las firmas de unos otorgantes en un contrato de compraventa y faltar a su deber de instruirlos sobre los pormenores necesarios para que se diera el referido negocio jurídico. Se le apercibe que en el futuro deberá dar fiel cumplimiento a dichas normas, ya que su incumplimiento podría conllevar la imposición de sanciones disciplinarias más severas.

Se dictará sentencia de conformidad.

---

[2] Ambas quejas fueron presentadas en el 2012; la presente y otra que está pendiente ante la consideración de este Tribunal.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ferdinand Vargas Velázquez          CP-2012-009          Conducta
                                                         Profesional

SENTENCIA

San Juan, Puerto Rico, a 26 de marzo de 2014.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se censura enérgicamente al licenciado Vargas Velázquez por haber autenticado las firmas de unos otorgantes en un contrato de compraventa y faltar a su deber de instruirlos sobre los pormenores necesarios para que se diera el referido negocio jurídico. Se le apercibe que en el futuro deberá dar fiel cumplimiento a dichas normas, ya que su incumplimiento podría conllevar la imposición de sanciones disciplinarias más severas.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo