EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2014 TSPR 73 |
| Mario J. Portela Martínez | 191 DPR ____ |

Número del Caso: CP-2011-15

Fecha: 4 de junio de 2014

Abogados de la Parte Querellada:

　　　　Lcda. Mari Lou de la Luz Quiles

Oficina de la Procuradora General:

　　　　Lcda. Margarita Mercado Echegaray
　　　　Procuradora General

　　　　Lcda. Tanaira Padilla
　　　　Procuradora General Auxiliar

　　　　Lcda. Yaizamarie Lugo Fontanez
　　　　Procuradora General Auxiliar

Materia: Censura enérgica por violación al Canon 18 de Ética Profesional y sanción por violación al Art. 56 de la Ley Notarial

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mario J. Portela Martínez

CP-2011-15

PER CURIAM

En San Juan, Puerto Rico, a 4 de junio de 2014.

El Lcdo. Mario J. Portela Martínez fue admitido al ejercicio de la abogacía el 1 de julio de 1988 y al ejercicio de la notaría el 5 de agosto de ese mismo año. El 23 de noviembre de 2013, ordenamos la presentación de una querella contra el licenciado Portela Martínez por faltar al deber de competencia que exige el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, al autenticar un contrato privado de compraventa y otorgar subsiguientes escrituras públicas basadas en ese negocio jurídico. Por los hechos y fundamentos que discutimos a continuación, concluimos que el licenciado Portela

Martínez violó el Canon 18, supra, e incumplió con las exigencias del Art. 56 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2091.

I

El 23 de septiembre de 2002, el licenciado Portela Martínez autenticó un contrato privado de compraventa entre el Sr. Marcelo Rosario Robledo y la Sra. Amarilys Flores Espinosa. Mediante ese contrato, el señor Rosario Robledo vendió a la señora Flores Espinosa un inmueble situado en Aguas Buenas e identificado como la finca número 5,106. Las partes acordaron que otorgarían la escritura pública correspondiente para el negocio jurídico cuando la señora Flores Espinosa lo requiriese. Sin embargo, el 3 de octubre de 2002, el señor Rosario Robledo falleció sin haber otorgado esa escritura pública.

El 6 de marzo de 2003, la señora Flores Espinosa compareció ante el licenciado Portela Martínez para otorgar una escritura de cesión de derechos sobre la finca en cuestión al Sr. Francisco Cotto Ramos. El señor Cotto Ramos se obligó a continuar realizando pagos a la sucesión del señor Rosario Robledo. De la escritura surge que el licenciado Portela Martínez impartió a las partes las advertencias legales pertinentes.

El 28 de marzo de 2003, el señor Cotto Ramos cedió sus derechos sobre la finca en Aguas Buenas al Sr. Félix Álamo Cotto y su esposa, la Sra. Betzaida Reyes Ortiz, en adelante "los quejosos", mediante una escritura otorgada

por el licenciado Portela Martínez. Además, las partes acordaron que el señor Cotto Ramos contrataría al licenciado Portela Martínez para iniciar una acción para exigir a la sucesión del señor Rosario Robledo el cumplimiento específico de la obligación asumida en el contrato de compraventa.

Posteriormente, el señor Cotto Ramos cesó toda comunicación con el licenciado Portela Martínez. Por tal razón, el 16 de mayo de 2003, este último notificó mediante una carta a los quejosos que renunció a la representación legal del señor Cotto Ramos. Les indicó que pasaran a recoger el contrato de compraventa del inmueble y que debían contratar a otro abogado para que realizara las gestiones pertinentes a la titularidad del inmueble.

El 3 de julio de 2003, los quejosos instaron una demanda contra el señor Cotto Ramos por incumplir con su obligación de gestionar con el titular registral la inscripción del inmueble a su nombre. Caso Civil Núm. EAC2003-0298. El foro primario dictó sentencia en rebeldía en contra del señor Cotto Ramos, le impuso responsabilidad por incumplimiento de contrato, decretó la resolución del contrato y ordenó que las partes se devolvieran las prestaciones.

Seis años más tarde, el 1 de julio de 2009, los quejosos reclamaron al licenciado Portela Martínez los gastos legales que incurrieron como consecuencia de las

escrituras que otorgó con relación a la finca de Aguas Buenas. Alegaron que el licenciado Portela Martínez les había afirmado que resolvería el conflicto de la titularidad de esa finca, lo cual no hizo. El licenciado Portela Martínez se negó a asumir responsabilidad alguna por los gastos reclamados. Adujo que los quejosos conocían la naturaleza de la escritura otorgada y que, si ellos hubieran manifestado alguna duda al respecto, no habría autorizado la escritura. Añadió que de la escritura se desprende que el señor Cotto Ramos asumía la obligación de realizar las gestiones pertinentes para lograr la inscripción del inmueble.

El 16 de julio de 2009, los quejosos presentaron una queja contra el licenciado Portela Martínez por los hechos antes mencionados, la cual desembocó en la presentación de la querella que nos atañe. En su contestación a la querella, el licenciado Portela Martínez alegó que una violación al Canon 18, supra, requiere que el abogado o notario haya actuado con la intención de violarlo, lo que no ocurrió en este caso. Adujo que no recuerda haber otorgado los documentos notariales en cuestión y que, por tal razón, en el momento en que los autorizó pudo haber olvidado sus requisitos formales. Por último, levantó la defensa de incuria porque los quejosos esperaron seis años después de ocurridos los hechos para presentar la queja.

Vista la querella junto con la contestación a ella, nombramos al Hon. Wilfredo Alicea López, ex Juez Superior,

como Comisionado Especial para que recibiera la prueba necesaria y rindiera un informe con sus determinaciones de hechos y recomendaciones pertinentes.

El 21 de junio de 2013, el Comisionado Especial emitió su informe y concluyó que el licenciado Portela Martínez incumplió con su deber como notario y violó el Canon 18, supra, al autorizar los documentos privados y públicos objetos de la querella. Con el beneficio de ese informe y las comparecencias del licenciado Portela Martínez, procedemos a evaluar la controversia que nos ocupa.

II

El Canon 18 del Código de Ética Profesional, supra, impone a todo abogado el deber de rendir una labor competente y diligente a sus clientes. El referido canon establece que

> [s]erá impropio de un abogado asumir una representación profesional cuando está (sic) consciente de que no puede rendir una labor idónea competente…

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Hemos expresado que el abogado tiene el deber de "desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando de aquella forma que la profesión jurídica en general estima adecuada y responsable". In re Nieves Nieves, 181 DPR 25, 37 (2011),

citando a In re Cuevas Velázquez, 174 DPR 433, 442 (2008). Un abogado infringe el deber que impone este canon cuando sus actuaciones negligentes afectan los intereses de su cliente. In re Nieves Nieves, supra, pág. 38. Por tal razón "[l]a ética profesional... exige al abogado que **conozca las normas jurídicas y actúe en consecuencia…**" (énfasis suplido.) Íd., citando a R.L. Vigo, *Ética del abogado: conducta procesal indebida*, 2da ed., Buenos Aires, Ed. Lexis Nexis Abeledo-Perrot, 2003, pág. 103.

Anteriormente, hemos establecido que un abogado que no demuestra la competencia y diligencia que exige la profesión al representar a sus clientes incurre en una seria falta ética. In re Amill Acosta, 181 DPR 934, 940 (2011); In re Verdejo Roque, 145 DPR 83, 87 (1998). También hemos resuelto que aquel abogado que no posea los conocimientos procesales y sustantivos necesarios para gestionar adecuadamente un asunto ni posea la preparación necesaria demuestra falta de diligencia. In re Díaz Nieves, Op. de 13 de diciembre de 2013, 2013 TSPR 150, 2014 JTS 3, 189 DPR __ (2013); In re Vélez Valentín, 124 DPR 403, 409 (1989); Colón Prieto v. Géigel, 115 DPR 232, 239 (1984).

Sin embargo, el deber de competencia y diligencia que exige ese canon presenta una modalidad distinta cuando se trata de la función notarial. In re Ortiz Medina, 175 DPR 43 (2008). En cuanto a ese deber, la responsabilidad del notario es aún mayor, ya que representa la fe pública notarial. Íd.; In re Colón Ramery, 138 DPR 793, 799 (1995).

Un notario que desconoce las normas jurídicas relativas al ejercicio de su profesión vulnera la naturaleza misma del notariado e incurre en una violación a las normas éticas de nuestra jurisdicción. In re Vargas Velázquez, Op. de 26 de marzo de 2014, 2014 TSPR 49, 2014 JTS 58, 190 DPR __ (2014); In re Ortiz Medina, supra.

Por otra parte, el Art. 56 de la Ley Notarial, supra, autoriza al notario a dar una declaración de autenticidad de un documento que no forma parte del protocolo de instrumentos públicos. Aunque el notario puede dar fe sobre la fecha en la cual se autorizó el testimonio así como autenticar las firmas que aparecen en el documento, esa función se circunscribe a algunos casos particulares. In re Vargas Velázquez, supra. El Art. 1232 del Código Civil de Puerto Rico, 31 LPRA sec. 3453(1), menciona aquellos contratos que deben constar en documento público. Entre ellos se encuentran los que "tengan por objeto la creación, transmisión, modificación o extinción de derechos reales sobre bienes inmuebles". Íd.

Ese tipo de contrato no puede servir como título inscribible en el Registro de la Propiedad si no se prepara una escritura pública como requiere el Código Civil. In re Ortiz Medina, supra. Es por eso que un notario está impedido de autorizar un testimonio de autenticidad en esos contratos, pues el notario no se responsabiliza por el contenido de los documentos privados cuyas firmas

autentica. <u>In re Vargas Velázquez</u>, <u>supra</u>; <u>In re Ortiz</u> <u>Medina</u>, <u>supra</u>; <u>In re Colón Ramery</u>, <u>supra</u>, pág.799.

III

El licenciado Portela Martínez no actuó conforme las exigencias del Art. 56 de la Ley Notarial, <u>supra</u>. Según esa ley, estaba impedido de autenticar el contrato de compraventa celebrado entre el señor Rosario Robledo y la señora Flores Espinosa. Ese contrato debió cumplir con todas las formalidades y constar en escritura pública. En su función de notario, el licenciado Portela Martínez debía conocer los requisitos y formalidades de los negocios e intereses de las personas que acudieron ante él. Al obviar los requisitos legales para ese tipo de contrato, incurrió en una violación a los deberes de competencia y diligencia que impone el Canon 18, <u>supra</u>.

El licenciado Portela Martínez no tiene razón al alegar que para incurrir en una violación del Canon 18, <u>supra</u>, se requiere haber actuado con intención de violarlo. Un notario debe ser sumamente cauteloso en el ejercicio de su práctica y tener siempre presentes las consecuencias que pueden acarrear sus actuaciones negligentes. <u>In re Madera</u> <u>Acosta</u>, 144 DPR 743, 746 (1998). Como notario, el licenciado Portela Martínez debió exhibir un mayor grado de responsabilidad y conocer las normas jurídicas aplicables a los negocios celebrados ante él. Él mismo admite que no debió autorizar el contrato de compraventa en cuestión y aduce que, en ese momento, probablemente había olvidado lo

dispuesto en el Art. 56 de la Ley Notarial, supra. Contestación a la Querella, pág. 3. Demostró una falta de competencia al desconocer las normas que regulan el ejercicio de la notaría. Eso es fundamento suficiente para concluir que incurrió en una falta ética.

En cuanto a la defensa de incuria, tampoco le asiste la razón. Anteriormente hemos expresado que esa doctrina no opera por el mero paso del tiempo, sino que deben considerarse otros factores como, por ejemplo, el perjuicio causado a una parte o el efecto sobre el interés público o privado. Consejo de Titulares v. Ramos Vázquez, 186 DPR 311, 341 (2012). Véanse, además, Rivera v. Depto. de Servicios Sociales, 132 DPR 240 (1992); Aponte v. Srio. de Hacienda, E.L.A., 125 DPR 610 (1990). En el presente caso, la demora de los quejosos no causó perjuicio alguno al licenciado Portela Martínez ni lo dejó en estado de indefensión. Además, existe un interés de velar por que los abogados desempeñen sus funciones con el mayor grado de competencia y diligencia posible. Como mencionamos, ese deber cobra aún más importancia cuando se trata del ejercicio de la notaría.

En este asunto poseemos la facultad que nos da el Art. 62 de la Ley Notarial, 4 LPRA sec. 2102, para imponer una multa de hasta $500 por cualquier "infracción" notarial, "previa oportunidad al notario de ser oído en su defensa,…" en caso de cualquier infracción a las disposiciones de este capítulo o de cualquier otra ley relacionada con el

ejercicio del notariado…". Para ello debemos salvaguardar al notario "todas las garantías del debido proceso de ley…". Art. 65 de la Ley Notarial, 4 LPRA sec. 2105. Eso significa que el notario debe ser notificado de la imputación en su contra y debe tener la oportunidad de contestarla y defenderse. Véanse, acerca de las garantías que el debido proceso de ley requiere en asuntos disciplinarios: Zauderer v. Office of Disc. Counsel, 471 US 626 (1985); In re Martínez Almodóvar, 180 DPR 805 (2011); In re Pérez Riveiro, 180 D.P.R. 193 (2010).

Reconocemos que en la querella que presentó el Procurador General no se imputó un cargo separado por la infracción del Art. 56 de la Ley Notarial, supra. Por tratarse de una infracción notarial no había que hacerlo. No obstante, el informe que preparó la Oficina de Inspección de Notarías (ODIN), la querella y el informe del Comisionado Especial señalaron la conducta contraria a ese artículo y determinaron que el licenciado Portela Martínez incumplió como notario con los requerimientos de ese artículo. En todo momento el notario tuvo la oportunidad de defenderse y contestar estos señalamientos. De hecho, lo hizo y aceptó la infracción notarial imputada. Conocía el señalamiento de infracción notarial que hizo ODIN en su informe, desde antes de que se presentara la querella ética en su contra. Por esos mismos hechos se le imputó también un cargo por violar el Canon 18, supra. Conforme la norma establecida en In re Muñoz Fernós, 184 DPR 679, 688 (2012),

procede sancionar a un abogado por cargos que no fueron incluidos específicamente en la querella cuando la violación surja de los mismos hechos y la misma conducta que se le imputó desde el inicio de los procedimientos. De igual modo, tampoco impide la imposición de una multa al amparo del Art. 62 de la Ley Notarial, supra, previa oportunidad al notario de conocer el señalamiento que hizo ODIN en su contra, ser escuchado y defenderse.

Anteriormente, hemos expresado que, al determinar la sanción a imponer a un abogado o notario es necesario considerar su historial previo, si goza de buena reputación, si aceptó la falta, su sincero arrepentimiento, si realizó la conducta impropia con ánimo de lucro y cualquier otro factor pertinente. In re Díaz Nieves, supra; In re Amill Acosta, supra, pág. 944.

En el caso del licenciado Portela Martínez no se han presentado otras quejas en su contra desde que ejerce como notario. Además, su actuación no causó perjuicio a las partes.

IV

Por todo lo expuesto, se censura enérgicamente al licenciado Portela Martínez por violar el Canon 18 del Código de Ética Profesional, supra. Además, se le impone una multa de $500 por violar las disposiciones del Art. 56 de la Ley Notarial, supra. Véanse, además, In re Fontanez Fontanez, 181 DPR 407, 416 (2011); In re Amundaray Rivera, 163 DPR 251, 261-262 (2004). Se le apercibe que en el

futuro deberá dar fiel cumplimiento a dichas normas, ya que su incumplimiento podría conllevar la imposición de sanciones disciplinarias más severas.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mario J. Portela Martínez          CP-2011-15

SENTENCIA

En San Juan, Puerto Rico, a 4 de junio de 2014.

Por los fundamentos expuestos, en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se censura enérgicamente al licenciado Portela Martínez por violar el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX. Además, se le impone una multa de $500 por violar las disposiciones del Art. 56 de la Ley Notarial, 4 LPRA sec. 2091. Véanse, In re Fontanez Fontanez, 181 DPR 407, 416 (2011); In re Amundaray Rivera, 163 DPR 251, 261-262 (2004). Se le apercibe que en el futuro deberá dar fiel cumplimiento a dichas normas, ya que su incumplimiento podría conllevar la imposición de sanciones disciplinarias más severas.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió la siguiente expresión, a la que se unió la Jueza Asociada Pabón Charneco: "El Juez Asociado señor Estrella Martínez está conforme con la censura enérgica dictaminada por este Tribunal al Lcdo. Mario J. Portela Martínez, por haber infringido el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, según

imputado.  Véase, In re: Ferdinand Vargas Velázquez,  res. 26 de marzo de 2014, 2014 TSPR 49, 190 DPR____ (2014). Sin embargo, disiente de la multa impuesta de $500 por violación a las disposiciones del Art. 56 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2091, porque no se le imputó un cargo separado a tal fin.

En In re: Ferdinand Vargas Velázquez, supra, se formularon dos cargos en la querella presentada contra el notario, a saber: el cargo 1, que contiene la violación al Canon 18 de los de Ética Profesional y el cargo 2, el cual contiene expresamente la violación al Art. 56 de la Ley Notarial. Es decir, el notario Vargas Velázquez tuvo la oportunidad de contestar ambos cargos, conforme al texto del Artículo 62 de la Ley Notarial, 4 LPRA, sec. 2102.  Sin embargo, en el caso ante nos, al notario Portela Martínez no se le radicaron ambos cargos.

No es mi intención menguar la facultad de este Tribunal para imponer sanciones económicas.  Ahora bien, en el contexto de un proceso formal de radicación de querellas disciplinarias, una adecuada formulación de los cargos resulta consustancial al debido proceso de ley, previo a la imposición de la multa.  Ante el tracto procesal y la falta de uniformidad en la formulación de cargos, me veo imposibilitado a avalar en este caso la imposición de la multa, ya que el notario no fue advertido expresamente de tal consecuencia jurídica.  Por ello, estoy obligado a disentir en ese extremo".

El Juez Asociado señor Rivera García no intervino.


                        Aida I. Oquendo Graulau
                    Secretaria del Tribunal Supremo